**In re: LENDING TREE, LLC, CUS-TOMER DATA SECURITY BREACH LITIGATION.**

**MDL No. 1976.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 7, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and W. ROYAL FURGESON, Jr., Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in the first-filed action pending in the Western District of North Carolina moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of North Carolina. All responding parties agree that centralization is appropriate, but disagree on the most appropriate transferee district for this litigation. Plaintiff in a second Western District of North Carolina action (which has been consolidated for all purposes with the first-filed action) supports the motion. Defendants Lending-Tree, LLC (LendingTree) and Home Loan Center, Inc., support selection of the Western District of North Carolina as transferee district, while responding Northern District of Illinois and Central District of California plaintiffs suggest selection of the Central District of California as transferee district.

This litigation currently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Central District of California, the Northern District of Illinois and the Western District of North Carolina.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of North Carolina will serve the convenience of the parties and witnesses and

---

1. Two additional actions originally on the Section 1407 motion—*Sylvia Carson v. Lending Tree, LLC,* W.D. North Carolina, C.A. No. 3:08–247, and *Angela Mitchell v. Home Loan Center, Inc., et al.,* W.D. North Carolina, C.A. No. 3:08–303—have been consolidated for all

purposes with the Western District of North Carolina *Spinozzi* action.

The Panel has been notified that three other related actions are pending in the Central District of California. These actions will be treated as potential tag-along actions. *See*

promote the just and efficient conduct of the litigation. All actions share factual questions relating to the alleged failure of LendingTree to limit access to and/or adequately safeguard private customer information in violation of the Fair Credit Reporting Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of North Carolina is an appropriate transferee district for this litigation, because (1) LendingTree is headquartered in Charlotte, North Carolina, and parties, witnesses and documents may be found there, and (2) this district has the capacity to handle this docket and, in the past, has been underutilized as a transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Frank D. Whitney for coordinated or consolidated pretrial proceedings with the first, now consolidated, action pending there and listed on Schedule A.

### SCHEDULE A

**MDL No. 1976 — IN RE: LENDING TREE, LLC, CUSTOMER DATA SECURITY BREACH LITIGATION**

*Central District of California*

*Marvin Garcia v. Lending Tree, LLC,* C.A. No. 8:08–841

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D.

*Northern District of Illinois*

*Eugene Miller, Jr. v. Lending Tree, LLC,* C.A. No. 1:08–2300

*Western District of North Carolina*

*Constance Spinozzi v. Lending Tree, LLC,* C.A. No. 3:08–229